UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

                    Plaintiff,

vs.                                    Case No.  2:10-cv-633-FtM-29DNF

PAUL   TIERNEY,   DeSoto   County
Detective,

                    Defendant.
_____

JAMAAL ALI BILAL,

                    Plaintiff,

vs.                                    Case No.  2:10-cv-639-FtM-29DNF

WILLIAM P. WISE, Sheriff of DeSoto
County Jail and DESOTO COUNTY HEALTH
DEPARTMENT,

                    Defendants.
_____

**<u>ORDER</u>**

    This matter comes before the Court upon review of Plaintiff's "Motion to Vacate Order of Dismissal for Failure to Exhaust Remidies [sic]" (Doc. #11, Motions), filed December 1, 2010 in each of the above-captioned actions.  The Court construes Plaintiff's respective Motions, which are identical, to be brought pursuant to Fed. R. Civ. P. 59(e).

    Plaintiff seeks reconsideration of the Court's November 5, 2010 Orders of Dismissal (Doc. #9, Order) entered in the above captioned actions, in which the Court dismissed Plaintiff's

respective cases, without prejudice.  In support of his Motion, Plaintiff states that the Court "erroneously assumed that plaintiff was a 'prisoner' for [] purpose[s] of the PLRA because he was temporarily detained at the county jail." Motions at 1.  Plaintiff further submits that the "fee payment provisions" of the PLRA are inapplicable to him because he is a civil detainee under the Florida Sexually Violent Predator Act.  Id.

Federal Rule of Civil Procedure 59(e) affords the Court substantial discretion to reconsider an order which it has entered. Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000).  "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(citations omitted).  A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment.  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Upon review of Plaintiff's Motions, the Court affirms its November 5, 2010 Order of Dismissal entered in each action. Plaintiff filed his operative complaint in each of the above-captioned actions while a pretrial detainee at the DeSoto County Jail being held on underlying criminal charges.  Plaintiff's contention that the PLRA does not apply to him is incorrect. Plaintiff qualifies as a "prisoner" for purposes of the PLRA

pursuant to 42 U.S.C. § 1997e(h).  As discussed in the Order, Plaintiff must therefore first exhaust his administrative at the DeSoto County Jail before he file a § 1983 complaint.  In each of these actions, the face of the Complaint establishes that Plaintiff did not exhaust his administrative remedies at the county jail before filing his action.  Therefore, Plaintiff has failed to demonstrate grounds for reconsideration, or modification of the Court's Orders dismissing either of the above captioned actions.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion (Doc. #11), filed in each of the above captioned actions, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this __13th__ day of December, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record